## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOMINIK ZOLKOS, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**SCRIPTFLEET, Inc., f/k/a NETWORK EXPRESS, and FLEETGISTICS HOLDINGS, INC.,**<br><br>**Defendants.** | **CLASS ACTION COMPLAINT** |

Plaintiff Dominik Zolkos ("Zolkos"), on behalf of himself and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows::

### INTRODUCTION

1.       This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* and is brought to remedy widespread violations by Scriptfleet, Inc., f/k/a Network Express, and Fleetgistics Holdings, Inc., (collectively "Scriptfleet" or "Defendants"), that have deprived Plaintiff and all other current and former Scriptfleet drivers, couriers and delivery drivers throughout the United States of overtime and other wages to which they are entitled.

2.       Plaintiff also brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and all similarly situated current and former drivers, couriers and delivery drivers who worked for Scriptfleet in Illinois, to remedy violations of the labor laws of Illinois.

3.       Scriptfleet misclassifies its drivers as independent contractors, despite exercising extensive control over the manner in which they conduct their work.

4.       Under federal and Illinois law, employees must be paid 1.5 times their regular rate

1

of pay for all hours over 40 worked in a week, unless they qualify for a statutory exemption.

5.      Despite these statutory requirements, Scriptfleet requires their drivers, couriers and delivery drivers to work without any overtime pay whatsoever when in fact their duties do not qualify them for exempt status.

6.      Scriptfleet also deducts amounts from its drivers', couriers' and delivery drivers' wages for uniforms, equipment and insurance that Scriptfleet requires its drivers, couriers and delivery drivers to use in the course of their work.

7.      Defendants' acts violate federal and Illinois law and affect hundreds of their drivers, couriers and delivery drivers, current and former.  Accordingly, Plaintiff, on behalf of himself and all others similarly situated, bring these claims and seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which he and the other drivers, couriers and delivery drivers are entitled.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 1337.

9.      The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  Plaintiff is diverse from Defendant Fleetgistics Holdings, Inc.  The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.  Upon information and belief, the number of members of all proposed plaintiff classes in the aggregate is more than 100.

10.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy.

2

11.     Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

12.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### *Plaintiff Dominik Zolkos*

13.     Plaintiff Dominik Zolkos is an individual residing in Oak Lawn, Illinois.  He worked for Defendants as a driver delivering prescription medications to nursing homes from approximately February 9, 2009 until approximately September 2012.

14.     Plaintiff's primary routes were in Libertyville, Northbrook, Oak Lawn, Palos Heights, Normal and Decatur, Illinois.

15.     Plaintiff was paid for his work based on the mileage and number of stops for each route, regardless of the time it took him to complete his work.  Plaintiff made his deliveries primarily from a closed door pharmacy in Woodridge, Illinois and also from a closed door pharmacy in Bensonville, Illinois.

16.     Throughout this period, Defendants deducted approximately $100 from each of Plaintiff's bi-weekly paychecks for uniform rentals, cargo insurance, and the rental of a scanner, all of which Defendants required their drivers to obtain from them, and to maintain.  For the first approximately 2½ (two and a half) years of this period, Plaintiff Zolkos regularly worked 48 hours a week, or more, was never paid overtime premium pay.

### *Defendants*

17.      Defendant Scriptfleet, Inc. is a corporation organized and existing under the laws of the state of Florida.  Its principal office is located in St. Louis, Missouri.  It is registered to do

business in Illinois and retains a registered agent within Illinois.  Until 2009, it was known as

Network Express.

      18.     Defendant Fleetgistics Holdings, Inc. is a corporation organized and existing

under the laws of Delaware.  Fleetgistics Holdings, Inc. is composed of three courier companies:

Scriptfleet, Inc., Medifleet, Inc. and Partsfleet, Inc.  Through its own activities in Illinois and

those of its agents and subsidiaries, Fleetgistics Holdings, Inc. has subjected itself to the

jurisdiction of  the state of Illinois.

      19.     In this Complaint, "Scriptfleet" refers (unless otherwise stated) to both

Defendants and all successor, predecessor, subsidiary and related entities to which these

allegations pertain.

      20.     Scriptfleet, which is subject to FLSA requirements, is an employer within the

meaning of the FLSA.  Scriptfleet is the employer of Plaintiff and all other Scriptfleet drivers,

couriers and delivery drivers across the country.

## COLLECTIVE ACTION ALLEGATIONS

      21.     Plaintiff sues on behalf of himself and all other Scriptfleet drivers, couriers and

delivery drivers across the country.  This is an appropriate collective or representative action

under 29 U.S.C. § 216(b).  Plaintiff and the other drivers, couriers and delivery drivers are

similarly situated in that they are all subject to Scriptfleet's common plan or practice of

designating them as independent contractors (when in fact their work and the extent of control

Defendants exerted over them rendered them employees), and making unlawful deductions from

their paychecks.

## CLASS ALLEGATIONS

      22.     Plaintiff brings the Second and Third Causes of Action under Rule 23 of the

Federal Rules of Civil Procedure, on behalf of himself and all persons who have worked for

Defendants as drivers, couriers or delivery drivers (or in comparable roles with different titles) in

Illinois between October 12, 2009 and the date of final judgment in this matter (the "Illinois

Class").

23.     Excluded from the Illinois Class are Defendants' legal representatives, officers,

directors, assigns, and successors, or any individual who has, or who at any time during the class

period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned

and any member of the Judges' immediate family; and all persons who will submit timely and

otherwise proper requests for exclusion from the Illinois Class.

24.     The persons in the Illinois Class identified above are so numerous that joinder of

all members is impracticable.  Although the precise number of such persons is not known to

Plaintiff, the facts on which the calculation of that number can be based are presently within the

sole control of Defendants.

25.     Defendants acted or refused to act on grounds generally applicable to the Illinois

Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the Illinois Class as a whole.

26.     The Second and Third Causes of Action are properly maintainable as a class

action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact

common to the Illinois Class that predominate over any questions solely affecting individual

members of the Illinois Class, including but not limited to:

> (a)     whether Defendants violated The Illinois Minimum Wage Law
> ("IMWL"), 820 Ill. Comp. Stat. 105, the Illinois Wage Payment and
> Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115, and supporting
> Illinois Department of Labor ("IDOL") regulations, 56 Ill. Admin. Code
> 210 and 56 Ill. Admin. Code 300, as alleged herein;

(b)    whether Plaintiff and the members of the Illinois Class were employees of Defendant pursuant to 820 Ill. Comp. Stat. 105/3(d) and 820 Ill. Comp. Stat. 115/2 and supporting IDOL regulations;

(c)    whether Defendants failed and/or refused to pay Plaintiff and the Illinois Class for all hours worked;

(d)    whether Defendants failed and/or refused to pay Plaintiff and the Illinois Class overtime pay for hours worked in excess of 40 hours per workweek;

(e)    whether Defendants have had a policy of failing to pay workers for time that they work;

(f)    whether Defendants' policy of failing to pay workers was instituted willfully or in reckless disregard of the law;

(g)    whether it was Defendants' policy or practice to make deductions from the wages of Plaintiff and the Illinois Class in violation of 820 Ill. Comp. Stat. 115/9 and supporting IDOL regulations;

(h)    whether it was Defendants' policy or practice to fail to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the IMWL;

(i)    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

(j)    whether it was Defendants' policy or practice to fail to comply with the posting and notice requirements of the IMWL;

(k)    the nature and extent of class-wide injury and the measure of damages for those injuries.

27.    Plaintiff's claims are typical of the claims of the Illinois Class. Plaintiff and the members of the Illinois Class work or have worked for Defendants and have been subjected to their policy and pattern or practice of misclassifying them as independent contractors and failing to pay overtime wages for hours worked in excess of 40 hours per week. Plaintiff and the Illinois Class Members enjoy the same statutory rights under the IMWL and IWPCA to be paid for all hours worked, and to be paid overtime wages. Plaintiff and Illinois Class Members all have sustained similar types of damages as a result of Defendants' failure to comply with the

IMWL and IWPCA. Plaintiff and the Illinois Class Members all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

28.     Defendants acted and refused to act on grounds generally applicable to the Illinois Class, thereby making declaratory relief with respect to the Illinois Class appropriate.

29.     Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class. Plaintiff understands that, as the class representative, he assumes a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately. Plaintiffs recognize that as the class representative, he must represent and consider the interests of the Illinois Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Illinois Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

30.     Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Illinois Class have

been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices

## FACTS

32.     At all relevant times, Plaintiff worked as a driver for Scriptfleet. There are many Scriptfleet drivers, couriers and delivery drivers around the country who share common job duties.

33.     Scriptfleet required Plaintiff and all other drivers, couriers and delivery drivers to sign a contract designating them as independent contractors.

34.     While Plaintiff and the class members have been designated by Defendants as independent contractors, in fact, Scriptfleet controlled and directed the performance of their work, their work was within Scriptfleet's usual course of business, and they were not in an independently established trade, occupation, profession or business.

35.     Plaintiff was not in business for himself, but rather depended on Scriptfleet's business for the opportunity to render services to the long-term care pharmacies and nursing homes they served.

36.     Plaintiff had no opportunity for profit or loss without Scriptfleet. He could not deal directly with the long-term care pharmacies or nursing homes to offer his delivery services. Instead, he had to go through Scriptfleet to provide this service.

37.     Scriptfleet's business is to deliver prescriptions from long-term care pharmacies

8

to nursing homes and other long-term care facilities. In order to conduct this business, Scriptfleet engages drivers, couriers and delivery drivers to pick the prescriptions up from the long-term care pharmacy and deliver them to their designated recipients.

38.     Plaintiff's relationship with Scriptfleet was neither temporary nor sporadic. Rather, Plaintiff worked full-time for Scriptfleet for approximately 2½ years.

39.     Plaintiff had to stick to a particular delivery schedule and could not come and go as he pleased. Plaintiff worked for a regular schedule for Defendants 6 days a week, Monday through Saturday. He worked a 1:00 p.m. route Monday through Saturday, a 1:00 a.m. route Mondays, Tuesday, Thursdays and Saturdays, and a 10:00 p.m. route Wednesdays and Fridays.

40.     In order to perform his job, Plaintiff used Defendant's equipment, including a scanner and other necessary equipment.

41.     Scriptfleet boasts a nationwide network of couriers in 39 states and Puerto Rico. *See* www.scriptfleet.com.

42.     Scriptfleet's drivers, couriers and delivery drivers are required to use their own vehicles for their work. They are not reimbursed for maintaining their vehicles, and are only sometimes paid a gasoline premium, which covers only a small portion of their gasoline costs.

43.     Scriptfleet requires its drivers, couriers and delivery drivers to wear a uniform, which they must rent or buy from Scriptfleet, when picking up and making deliveries. Scriptfleet deducts an amount from drivers', couriers' and delivery drivers' pay for the uniforms.

44.     Scriptfleet requires its drivers, couriers and delivery drivers to use a specialized scanner, which they must rent from Scriptfleet. Scriptfleet deducts an amount from drivers', couriers' and delivery drivers' pay for the specialized scanner.

45.     Scriptfleet requires its drivers, couriers and delivery drivers to maintain car

insurance, and to maintain specialized cargo insurance, which they must obtain from Scriptfleet. Scriptfleet deducts an amount from drivers', couriers' and delivery drivers' pay for the cargo insurance.

46.     Plaintiff's work was performed for the benefit of the Defendants, in the normal course of the Defendants' business and was integrated into the business of the Defendants.

47.     The work performed by Plaintiff and the class members required little skill. Their duties did not include managerial responsibilities or the exercise of independent judgment. They were not engaged in making sales, and did not drive vehicles weighing over 10,000 pounds.

48.     Defendants exerted a great deal of control over Plaintiff and his work. Defendants required Plaintiff to arrive at the pharmacy to pick up prescriptions for delivery at a certain time, that he check for work using his scanner 90 minutes before each route time, that he wear a uniform while making deliveries, and that he work the same schedule every week.

49.     Scriptfleet's violations have been willful and intentional in that it has known all along that Plaintiff and other drivers, couriers and delivery drivers were employees, worked more than forty hours per week, and the requirements of the law.

50.     As a result of Scriptfleet's willful violations of the FLSA and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105 ("IMWL"); the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115 ("IWPCL") and related regulations, 56 Ill. Admin. Code §210 and 56 Ill. Admin. Code §300 (collectively the "Illinois Wage Laws"), Plaintiff and all other similarly situated drivers, couriers and delivery drivers have suffered damages in that they have not received proper compensation in accordance with the FLSA and the Illinois Wage Laws.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
On behalf of Plaintiff and the FLSA Collective**

51.     Plaintiff, on behalf of himself and all Collective Action Members, re-alleges and incorporates by reference paragraphs 1 through 44 as if they were set forth again herein.

52.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

53.     At all times relevant, Plaintiff and the FLSA Collective members were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

54.     At all times relevant, Plaintiff and the FLSA Collective members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

55.     At all times relevant, Defendants have been employers of  Plaintiff and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

56.     The overtime wage provisions set forth in the FLSA. 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendants and protect Plaintiff and the FLSA collective members.

57.     Defendants have failed to pay Plaintiff and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours in a workweek.

58.     Based on the foregoing, Scriptfleet's conduct in this regard was a willful violation

of the Fair Labor Standards Act and entitles Plaintiff and all other similarly situated drivers,

couriers, and delivery drivers who opt into this litigation to compensation for all overtime hours

worked, liquidated damages, attorneys' fees and court costs.

**SECOND CAUSE OF ACTION**
**820 Ill. Comp. Stat. 105/4a; 56 Ill. Admin. Code §210.400 *et seq.* – Unpaid Overtime**
**On behalf of Plaintiff and the Illinois Class Members**

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

60.     At all relevant times, Defendants have been, and continue to be, an "employer"

within the meaning of the Illinois Wage Laws.  At all relevant times, Defendants employed

employees, including Plaintiff and each of the Illinois Class members, within the meaning of the

Illinois Wage Laws.

61.     Illinois law requires employers, such as Defendants, to pay overtime

compensation to all non-exempt employees for all hours worked over forty per workweek.

62.     Plaintiff and the Illinois Class members are non-exempt employees entitled to be

paid overtime compensation for all overtime hours worked.

63.     Throughout the Illinois Class period, and continuing through the present, Plaintiff

and the Illinois Class members regularly worked in excess of forty hours in a workweek.

64.     Defendants have engaged in a widespread pattern, policy, and practice of

violating the overtime provisions of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat.

105/4a, and supporting IDOL regulations, 56 Ill. Admin. Code §210.400 *et seq.*, as detailed in

this Complaint.

65.     As a direct and proximate result of Defendants' unlawful conduct, as set forth

herein, Plaintiff and the Illinois Class members have sustained damages, including loss of

earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CAUSE OF ACTION
**820 Ill. Comp. Stat. 115/9; 56 Ill. Admin. Code §300.700 *et seq.* – Unlawful Wage Deductions**
**On behalf of Plaintiff and the Members of the Illinois Classes**

66.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67.     Defendants have engaged in a widespread pattern, policy, and practice of violating 820 Ill. Comp. Stat. 115/9, as detailed in this Class Action Complaint.

68.     At all times relevant, Plaintiff and Illinois Class Members have been employees within the meaning of 820 Ill. Comp. Stat. 105/3(d) and 820 Ill. Comp. Stat. 115/2 and supporting IDOL Regulations.

69.     At all times relevant, Defendants have been an employer within the meaning of 820 Ill. Comp. Stat. 105/3(c) and 820 Ill. Comp. Stat. 115 and supporting IDOL Regulations.

70.     The Illinois Wage Payment and Collection Act and supporting IDOL Regulations apply to Defendants and protect the Plaintiff and the Class Members.

71.     By conduct described herein, Defendants made unlawful deductions from Plaintiff's and Class Member's wages in violation of 820 Ill. Comp. Stat. 115/9 and 56 Ill. Admin. Code §300.700 *et seq.* Defendants deducted wages from Plaintiff's and Illinois Class Members' paychecks for uniform rentals and/or purchases, for cargo insurance, and for a specialized scanner, all of which Defendants required Plaintiff and Illinois Class Members to use in the course of their work for Defendants.

13

## **DEMAND FOR RELIEF**

72.     WHEREFORE, Plaintiff claims:

a.     Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b.     Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

c.     Designation of Plaintiff as Class Representative;

d.     A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

e.     Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

f.     Unpaid overtime wages under the Fair Labor Standards Act and the Illinois Wage Laws;

g.     Liquidated damages under the Fair Labor Standards Act and the Illinois Wage Laws;

h.     Appropriate statutory penalties;

i.     Restitution;

j.     Pre-Judgment and Post-Judgment interest, as provided by law;

k.     Attorneys' fees and costs under the Fair Labor Standards Act and the Illinois Wage Laws, including expert fees and costs; and

l.     Such other injunctive and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Dated: October 12, 2012
       New York, NY

                        Respectfully submitted,

                        */s/ Justin M. Swartz*
                        **OUTTEN & GOLDEN LLP**
                        Justin M. Swartz
                        Paul W. Mollica
                        Rachel M. Bien (*pro hac vice motion forthcoming*)
                        Naomi B. Sunshine (*pro hac vice motion forthcoming*)
                        3 Park Avenue, 29th Floor
                        New York, New York 10016
                        Telephone:  (212) 245-1000
                        Facsimile:   (212) 977-4005

                        *Attorneys for Plaintiffs and the Putative Class and Collective*

15

## CERTIFICATION OF SERVICE

I hereby certify that on October 12, 2012 a copy of **Plaintiff's Class and Collective Action Complaint** was filed electronically and service made by mail to anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail for anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

 _/s/ Justin M. Swartz_