UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINIK ZOLKOS, DZIANIS KLIAVETS, JAMES MCCOY, JOE WALLACE, LIONEL JONES, MICHAEL KARP, KAROLYN UNDERWOOD, RONITA FOY, JERRY ANDERSON, MADI VANESSA SUTTON, NORMAN MORSE, JOHN ROBERTSON, ANTHONY GRAY, JOSEPH FENICO, ALIX PETITHOMME, and WENDY DOBBINS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SCRIPTFLEET, INC., f/k/a NETWORK EXPRESS, PARTSFLEET, INC., PARTSFLEET II, INC., FLEETGISTICS HOLDINGS, INC., and MEDIFLEET, INC.,<br><br>Defendants. | No. 12 Civ. 8230 (GF)<br><br>Hon. Gary Feinerman |

ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL,
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT, AND
LEAVE TO FILE A THIRD AMENDED COMPLAINT

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, Approval of Plaintiffs' Proposed Notices of Settlement, and Leave to File a Third Amended Complaint ("Motion for Preliminary Approval"). Defendants do not oppose the motion.

**I.      Preliminary Approval of Settlement**

      1.      Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support

of their Motion for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiffs Dominik Zolkos, Dzianis Kliavets, James McCoy, Joe Wallace, Lionel Jones, Michael Karp, Karolyn Underwood, Ronita Foy, Jerry Anderson, Madi Vanessa Sutton, Norman Morse, John Robertson, Anthony Gray, Joseph Fenico, Alix Petithomme, Wendy Dobbins, Barry Madden, Glenn Bailey, Carrie-Ann Wise, and John Fudurich (together, "Plaintiffs"); and Fleetgistics Holdings, Inc., Partsfleet, Inc., Partsfleet II, Inc. (collectively "Partsfleet"), Scriptfleet, Inc., f/k/a Network Express ("Scriptfleet"), and Medifleet, Inc. ("Medifleet") (together, "Defendants") (Plaintiffs and Defendants together, "Parties"), attached as Amended Exhibit A to the Swartz Declaration (filed on December 11, 2014), and "so orders" all of its terms.

2. "[T]he certification of a class is within the sound discretion of the trial court . . . ." *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986). The fact that the parties have reached a settlement is a relevant consideration in the class-certification analysis. *See Smith v. Sprint Commc'ns Co.*, 387 F.3d 612, 614 (7th Cir. 2004) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." (citing *Amchem Prods. v. Windsor*, 521 U.S. 591, 619 (1997))). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery," *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, Nos. 07 Civ. 2898, 09 Civ. 2026, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012) (quoting *Wal-Mart Stores, Inc. v. Visa USA, Inc.*, 396 F.3d 96, 116 (2d Cir.

2005)).

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object to or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

4. At the preliminary approval stage, the court's task is merely to "determine whether the proposed settlement is within the range of possible approval," *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998) (internal quotation mark omitted) (noting that at the final fairness hearing, the court will "adduce all information necessary to enable [it] intelligently to rule on whether the proposed settlement is 'fair, reasonable, and adequate'") (citing Manual for Complex Litigation § 1.46, at 57 (West 1977)). At preliminary approval, the court's role is not "resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *E.E.O.C. v. Hiram Walker & Sons*, 768 F.2d 884, 889 (7th Cir. 1985) (collecting cases).

5. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, Nos. 07 Civ. 2898, 09 Civ. 2026, 2011 WL 3290302, at *7 (N.D. Ill. July 26, 2011).

6. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

7. Two experienced class action employment mediators, Mark Rudy and Michael E.

Dickstein, assisted the Parties with the settlement negotiations and presided over two full-day mediations. This reinforces the non-collusive nature of the settlement. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 813 (E.D. Wis. 2009).

8. Courts also encourage parties to settle class actions early, without expending unnecessary resources. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *5 (S.D.N.Y. Oct. 2, 2013) ("early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere").

## II. Certification of the Proposed Rule 23 Settlement Class for Settlement Purposes

9. Provisional settlement, class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 792-95 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Butler v. Am. Cable & Tel., LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *15 (N.D. Ill. Oct. 6, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement in case alleging independent contractor misclassification and failure to pay overtime).

10. For settlement purposes only, the Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Rule 23 Class"): all current and former Couriers, as defined in the Settlement Agreement, who performed services for Defendants for at least fifteen (15) weeks (including at least one week in which Defendants' records indicate that the Courier worked for at least approximately thirty (30.01) hours, and not including weeks covered by claims previously released in other lawsuits) in:

  a.  the States of New York and New Jersey during the period from October 12, 2006 through August 1, 2014;

  b.  the State of Kentucky during the period from October 12, 2007 through August 1, 2014;

  c.  the States of Illinois, Pennsylvania, Maryland and Massachusetts (excluding services performed for Medifleet in Massachusetts) during the period from October 12, 2009 through August 1, 2014; and/or

  d.  the States of Connecticut, North Carolina and Ohio during the period from October 12, 2010 through August 1, 2014.

11. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

12. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 2700 Rule 23 Class members, and thus, joinder is impracticable. *See Chandler v. Sw. Jeep–Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995) (noting that "joinder is usually deemed impracticable where the class members number 40 or more").

13. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Rule 23 Class members share common issues of fact and law, including whether Defendants misclassified them as independent contractors rather than employees, thereby failing to pay them overtime wages in violation of state wage and hour laws, and failed to keep accurate records of time worked. *See Butler*, 2011 WL 4729789, at *5 ("common questions of law and fact among the class members here include whether Defendants improperly classified members of the Independent Contractor class [and] whether Defendants failed to compensate class members for all work performed in excess of forty hours per week ").

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Rule 23 Class members' claims. *See Nicholson v. UTi Worldwide, Inc.*, No. 09 Civ. 722,

2011 WL 1775726, at *6 (S.D. Ill. May 10, 2011) (finding typicality where plaintiffs sought compensation for unpaid overtime).

15. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs do not have "antagonistic or conflicting claims with other members of the class." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007).

16. In addition, Plaintiffs' Counsel, Outten & Golden LLP, the Shavitz Law Group, P.A., and Sanford Heisler, LLP meet Rule 23(a)(4)'s adequacy requirement.

17. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class members' common factual allegations and common legal theory – that Defendants misclassified them as independent contractors rather than employees, thus violating federal and state wage and hour laws by failing to pay them for premium overtime hours and taking unlawful deductions from their pay – predominate over any factual or legal variations among class members. *See Butler*, 2011 WL 4729789, at *7 (uniform practice of failing to pay overtime to workers defendants classified as independent contractors predominated); *Barragan v. Evanger's Dog & Cat Food Co.*, 259 F.R.D. 330, 334 (N.D. Ill. 2009) (holding that common practice of failing to pay overtime pay predominated as there could be "no question" that the practice would be the "principal issue" of the litigation).

### III. Appointment of Plaintiffs' Counsel as Class Counsel

17. The Court appoints Outten & Golden LLP ("O&G"), the Shavitz Law Group, P.A. ("Shavitz Law Group"), and Sanford Heisler, LLP ("Sanford Heisler") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *Butler*, 2011 WL 4729789, at *8 (explaining that Rule 23(g) requires the court to consider "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's

experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class") (citing Fed. R. Civ. P. 23(g)(1)(A).

18. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and class members' claims.

19. O&G attorneys have substantial experience prosecuting and settling nationwide wage and hour class and collective actions, are well-versed in wage and hour law and class action law, and are well-qualified to represent the interests of the class. *See Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531, 2014 WL 2111693, at *4 (S.D.N.Y. May 12, 2014); *Flynn v. New York Dolls Gentleman's Club*, No. 13 Civ. 6530, 2014 WL 4980380, at *4 (S.D.N.Y. Oct. 6, 2014) ("O&G attorneys have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law") (internal quotation marks and citation omitted); *Kiefer v. Moran Foods, LLC*, No. 12 Civ. 756, 2014 WL 3882504, at *3 (D. Conn. Aug. 5, 2014) (finding O&G "experienced employment law practitioners" and appointing them class counsel); *Clem v. KeyBank, N.A.*, No. 13 Civ. 789, 2014 WL 1265909, at *5-6 (S.D.N.Y. Mar. 27, 2014) (appointing O&G and Shavitz Law Group as class counsel); *Yuzary*, 2013 WL 5492998, at *3 (finding O&G and Shavitz Law Group experienced and adequate to serve as class counsel); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *5 (E.D.N.Y. Aug. 6, 2012) ("[O&G attorneys] have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law").

20. Likewise, the Shavitz Law Group has served as lead or co-lead counsel in numerous wage and hour class and collective actions, including *Clem*, 2014 WL 1265909, at *5;

*Yuzary*, 2013 WL 5492998, at *3; *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 473 (S.D.N.Y. 2013); and *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012) (appointing O&G and the Shavitz Law Group as Class Counsel and noting both firms' extensive experience litigating and settling wage and hour class and collective actions); and has settled dozens of wage and hour collective actions.

21. Similarly, Sanford Heisler is very experienced in complex class and collective litigation, particularly in wage and hour cases, and has been repeatedly recognized for its skilled and effective representation. *See Stiller v. Costco*, No. 09 Civ. 2473, 2010 WL 5597272 (S.D. Cal. Dec. 13, 2010) ("Sanford, Wittels & Heisler, LLP [Sanford Heisler's former name] . . . [is] experienced in employment and wage-and-hour class action litigation."); *Velez v. Novartis Pharm. Corp.*, No. 04 Civ. 09194, 2010 WL 4877852, at *10 (S.D.N.Y. Nov. 30, 2010) ("Here, Class Counsel, Sanford Wittels & Heisler LLP, has just the sort of established record contemplated by the Rules."); *Bellifemine v. Sanofi–Aventis,* No. 07 Civ. 2207, 2010 WL 3119374, at *1 (S.D.N.Y. Aug. 6, 2010) (recognizing Sanford Heisler as having "an established record of competent and successful prosecution of large . . . class actions").

22. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV. Notices**

23. The Court approves the proposed Notice of Proposed Settlement of Class Action and Fairness Hearing, Claim Form and Exclusion Request Form, attached as Exhibit B to the Declaration of Justin M. Swartz ("Swartz Declaration"), the proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing and Claim Form, attached as Exhibit C to the Swartz Declaration, and the Proposed Reminder Notice, attached as Exhibit E to

the Swartz Declaration (collectively, the "Notices").

24. The content of the proposed Notices fully complies with due process and Federal Rule of Civil Procedure 23.

25. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

26. The proposed Notices satisfy each of these requirements and adequately put class members on notice of the proposed settlement. *See, e.g.*, *Boggess v. Hogan*, 410 F. Supp. 433, 443 (N.D. Ill. 1975) (finding that "notices [need not] explore all of the underlying issues in the lawsuit").

27. The proposed Notices are appropriate because they describe the terms of the settlement, inform the classes about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing. *See, e.g.*, *Air Lines Stewards & Stewardesses Ass'n Local 550 v. American Airlines, Inc.*, 455 F.2d 101, 108 (7th Cir. 1972) (notice that provided summary of proceedings to date, notified of significance of judicial approval of settlement and informed of opportunity to object at the hearing satisfied due process).

**V.     Class Action Settlement Procedure**

28. The Court hereby adopts the following settlement procedure:

a. Within 10 days of the date of this Order, or by Monday, December 29, 2014, whichever is later, Defendants shall provide the Settlement Administrator with an updated class contact list;

b. Within fourteen (14) days of receipt of the updated class contact list, or by Monday, January 12, 2015, whichever is later, the Settlement Administrator will mail to all class members the Court-approved Notices;

c. Within fourteen (14) days of the initial mailing of the Court-approved notices, Plaintiffs shall file their Motions for Attorneys' Fees, Costs, and Service Awards;

d. Approximately thirty (30) days after the initial mailing of the Notices, or approximately Wednesday, February 8, 2015, the Settlement Administrator will mail the Court-approved Reminder Notice to each Class Member who has not already submitted a Claim Form or Request for Exclusion.

e. Each class member who wishes to receive a portion of the Settlement Fund must complete a Claim Form.

f. To be deemed timely, a Claim Form, Exclusion Request Form and/or Objection must be received by the Settlement Administrator no later than the "Bar Date" applicable to the Class Member. In order to receive a settlement payment, a Class Member must return a valid Claim Form received by the Settlement Administrator on or before the Bar Date. The Bar Date shall be sixty (60) days from the date on which the Settlement Administrator initially mails the Class Notice and Claim Form to the Class Member or, if a second mailing is performed, sixty (60) days from the date of the second mailing (regardless of the number of re-mailings) provided that in no event may the Bar Date be later than 120 days from the initial date of mailing.

g. Plaintiffs will file a Motion for Final Approval of Settlement by June 26, 2015;

h. Defendants shall file with the Court under seal by June 26, 2015 the confidential financial data provided to Plaintiffs in the course of settlement negotiations; and

i. The Court will hold a final fairness hearing on July 10, 2015 at 9:30 a.m. at the United States District Courthouse for the Northern District of Illinois, Eastern Division; 219 South Dearborn Street, Courtroom 2125; Chicago, Illinois 60604; and

j. The parties shall abide by all terms of the Settlement Agreement.

VI. **Third Amended Complaint**

29. Courts "freely give leave [to file an amended complaint] when justice so

requires." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing Fed. R. Civ. P. 15(a)(2)).

30. The requested amendment is not the product of bad faith, undue delay, or dilatory motive.

31. Plaintiffs' uncontested motion for leave to file a third amended complaint is GRANTED.

32. Plaintiffs shall file their Third Amended Complaint as a separate docket entry.

It is so ORDERED this 12th day of December, 2014.

_____
Honorable Gary Feinerman, U.S.D.J.