IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOMINIK ZOLKOS, DZIANIS KLIAVETS, JAMES MCCOY, JOE WALLACE, LIONEL JONES, MICHAEL KARP, KAROLYN UNDERWOOD, RONITA FOY, JERRY ANDERSON, MADI VANESSA SUTTON, NORMAN MORSE, JOHN ROBERTSON, ANTHONY GRAY, JOSEPH FENICO, ALIX PETITHOMME, WENDY DOBBINS, BARRY MADDEN, GLENN BAILEY, CARRIE-ANN WISE** and **JOHN FUDURICH**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> **SCRIPTFLEET, INC., f/k/a NETWORK EXPRESS, PARTSFLEET, INC., PARTSFLEET II, INC., FLEETGISTICS HOLDINGS, INC.,** and **MEDIFLEET, INC.,** <br><br> Defendants. | No. 12 Civ. 8230 (GF) <br><br> Hon. Gary Feinerman |

**ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION
OF SETTLEMENT CLASS, FINAL APPROVAL OF CLASS ACTION SETTLEMENT,
AND APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS'
FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD**

This matter came before the Court on Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval") and Plaintiffs' Motion for Approval of Attorneys' Fees, Reimbursement of Expenses, and Motion for Service Award ("Motions for Fees, Costs, and Award").

**Approval of Settlement Agreement**

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support

1

of their Motion for Final Approval, the Declaration of Justin M. Swartz ("Swartz Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Final Approval, the Court grants final approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Decl. as Exhibit A, and "so orders" all of its terms all of which are incorporated herein. Capitalized terms used in this order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise identified herein.

**Certification of the Proposed Rule 23 Settlement Class for Settlement Purposes**

2. For settlement purposes, the Court certifies the following class under Fed. R. Civ. P. 23(e) ("Settlement Class"): all Couriers who performed services for at least 15 Qualifying Weeks including at least one Qualifying weeks in which Defendants' records indicate the Courier performed services for 30.01 hours or more.

3. The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Federal Rule of Civil Procedure 23(a)(1) is satisfied because there are over 3,200 Class Members, and thus, joinder is impracticable. *See Wilkins v. Just Energy Grp., Inc.*, No. 13 Civ. 5806, 2015 WL 1234738, at *10 (N.D. Ill. Mar. 13, 2015).

4. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including the identical primary allegation that Defendants misclassified Plaintiffs as independent contractors and failed to pay them overtime, straight time, and minimum wages in violation of state wage and hour laws, that Plaintiffs all entered into similar written agreements purporting to create an independent contractor relationship, and all performed similar types of work (i.e., same-day delivery and courier services, which Plaintiffs maintain is an integral part of Defendants' business). *See Keele*

*v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (approval of settlement warranted where there are factual and legal issues common to the class); *Butler v. Am Cable & Tel., LLC,* No. 09 Civ. 5336, 2011 WL 4729789, at *8 (N.D. Ill. Oct. 6, 2011) ("Thus, common questions of law and fact among the class members here include whether Defendants improperly classified [class members] and whether Defendants failed to compensate class members for all work performed in excess of forty hours per week . . . .").

   5. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Named Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Rule 23 Class Members' claims. Defendants classified all Named Plaintiffs and Class Members as independent contractors ineligible for overtime, and subjected them to the same or similar deductions practice. Named Plaintiffs and the Class Members performed the same or similar type of work. Named Plaintiffs allege the same injuries and damages as Class Members. Accordingly, Named Plaintiffs satisfy the typicality requirement. *See, e.g.*, *Butler v. Am. Cable & Tel., LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *6 (N.D. Ill. Oct. 6, 2011) (finding typicality in independent contractor misclassification case when "Defendants' alleged standardized conduct [was] failing to compensate the Plaintiffs and the class members as required by the wage and hour laws, and making improper deductions").

   6. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that they have interests antagonistic to or at odds with those of Class Members, they each contracted with Defendants and performed courier services for at least seven months, and at least one Named Plaintiff performed services in each state covered by this Settlement. *See E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (internal quotation omitted); *accord Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir.

2002).

7. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class Members' common factual allegations and legal theory—that Defendants misclassified them as independent contractors rather than employees, thus failing to pay them overtime hours and taking deductions from their pay—predominate over any factual or legal variations among Class Members. *See Butler*, 2011 WL 4729789, at *7 (N.D. Ill. Oct. 6, 2011) (uniform practice of failing to pay overtime to workers defendants classified as independent contractors predominated); *Barragan*, 259 F.R.D.at 334 (claim arising under a common practice of failing to pay overtime pay predominated as there could be "no question" that the practice would be the "principal issue" of the litigation). A class action is the most suitable mechanism to fairly, adequately, and efficiently resolve Plaintiffs' claims.

**Appointment of Plaintiffs' Counsel as Class Counsel**

8. Outten & Golden LLP ("O&G"), Shavitz Law Group, P.A. ("SLG"), and Sanford Heisler, LLP ("Sanford Heisler"), which the Court previously appointed as Class Counsel, satisfy the adequacy requirement of Rule 23(a)(4).

9. The Court appoints O&G, SLG, and Sanford Heisler as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *Butler,* 2011 WL 4729789, at *8 (explaining that Rule 23(g) requires the court to consider "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class").

10. Class Counsel did substantial work identifying, investigating, prosecuting, and

4

settling Plaintiffs' and Class Members' claims.

11. The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

**Certification of the Proposed FLSA Collective for Settlement Purposes**

12. For settlement purposes only, the Court provisionally certifies the following collective under the Fair Labor Standards Act (the "FLSA Collective"): all Couriers who worked for Defendants for at least 15 Qualifying Weeks (including at least one week where the courier worked for at least approximately 30.01 hours), and all couriers who submitted a Consent to Join this action before the execution of the Settlement Agreement who did not qualify as members of the Rule 23 Class.

13. The Court approves the Fair Labor Standards Act settlement. The settlement is the product of contested litigation to resolve a *bona fide* dispute between the Parties as to whether Class Members were correctly classified as exempt for overtime purposes and/or whether Class Members are owed any overtime compensation. *See, e.g.*, *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *2 (N.D. Ind. Sept. 25, 2014).

**Approval of Fees, Costs, and Service Award**

14. The Court grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $1,116,666.67, which is one-third of the guaranteed settlement fund, plus $33,843.59 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. The Court also approves the Settlement Claims Administrator's fees.

15. The Court finds reasonable the service award for Named Plaintiff Cristin McCue

in the amount of $10,000 each for Named Plaintiffs Dominik Zolkos, Dzianis Kliavets, James McCoy, Joe Wallace, Lionel Jones, and Wendy Dobbins; $5,000 each for Named Plaintiffs Michael Karp, Karolyn Underwood, Ronita Foy, Jerry Anderson, Madi Vanessa Sutton, Norman Morse, John Robertson, Anthony Gray, Joseph Fenico, Alix Petithomme, Barry Madden, Glenn Bailey, Carrie-Ann Wise, and John Fudurich; and $3,500 each for Opt-In Plaintiffs Mike Dobbins, William Baber, Adam Muller, and Vasillaq Papaj.

**Judgment and Final Approval**

16. The Settlement Agreement is a final, fair, reasonable, adequate and binding release of all Released Rule 23 Claims by all Class Members who have not timely opted out pursuant to the Settlement Agreement.

17. The Settlement Agreement is a final, fair, reasonable, adequate, and binding release of all Released FLSA Claims by all Class Members who sign and cash their Settlements Checks.

18. Class Members who negotiate their Settlement Checks irrevocably consent to join and opt-in to the FLSA collective action in this Litigation.

19. If no party appeals this Order, the "Effective Date" of the settlement will be the date 35 calendar days after the entry of such Order.

20. If there is an appeal of this Order, the "Effective Date" of the settlement will be the day after the appeal is finally withdrawn, dismissed, or denied with prejudice, and the person(s) filing the appeal has exhausted all avenues of appeal and/or the right to seek further review has expired.

21. The Settlement Claims Administrator will disburse First Settlement Checks to Class Members, Class Counsel's attorneys' fees and costs, and Court-approved service award

within 10 days of the "Effective Date."

22. In the event of a Contingent Settlement Payment, the Settlement Administrator shall issue Second Settlement Checks within 10 days of Defendants' deposit of the Contingent Settlement Amount in the QSF or 10 days after the Effective Date, whichever is later..

23. This case is dismissed without prejudice, with leave to reinstate on or before December 6, 2016. In the event a motion to reinstate is not filed on or before the December 6, 2016, the case shall be deemed, without further order of the Court, to be dismissed with prejudice.

24. The Court will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 13th day of July, 2015.

_____
United States District Judge